IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIAN GOFF,<br><br>    Plaintiff,<br><br>vs.<br><br>UTAH FUNDING COMMERCIAL, INC., PAULA STONESTREET, and JOHN DOES 1 through 5,<br><br>    Defendants. | MEMORANDUM DECISION<br><br><br><br><br><br>Case No. 2:09-cv-00680 |

      Plaintiff, Brian Goff, brought this lawsuit seeking to rescind two loans Utah Funding Commercial extended to Goff. Goff argues that the loans were made in violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., because the defendants failed to provide certain disclosures, including the interest rate and fees and costs associated with the loan, and Goff's right to rescind the loan. Goff also alleges several claims under state law including fraud, conspiracy, and negligence. In response, defendant Stonestreet filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) arguing that this court does not have jurisdiction because TILA does not apply to the underlying loan transaction. Stonestreet also filed a Rule 11 motion arguing that Goff was pursuing frivolous claims in an attempt to impede her from

foreclosing on the property. Oral argument was held on October 29, 2009. Robert J. Culas represented the plaintiff, Brian Goff. Stephen B. Watkins represented defendant Paula Stonestreet.

BACKGROUND

In May 2008, Utah Funding Commercial lent Brian Goff $500,000 by extending two separate loans for $250,000 each. Both loans were secured by a downtown Salt Lake City tri-plex owned by Mr. Goff. Ms. Stonestreet funded one of these loans and the deed of trust securing the loan was later assigned to her. Beginning in December 2008, Mr. Goff defaulted on the payments he owed on the note assigned to Ms. Stonestreet. Ms. Stonestreet began nonjudicial foreclosure proceedings in March 2009. In May 2009, the second note and trust deed matured and also went into default due to Mr. Goff's failure to make the required loan payments. Ms. Stonestreet paid off this note in order to protect her interest in the property. On August 4, 2009, Ms. Stonestreet purchased the property securing Mr. Goff's loans at a trustee's sale. One day before, Mr. Goff filed his complaint in this court seeking rescission, arguing that Utah Funding Commercial and Stonestreet had violated TILA by failing to provide required disclosures including the loans' interest rates, fees and costs, and Mr. Goff's right to rescind the transactions. Ms. Stonestreet responded by filing a motion to dismiss for lack of jurisdiction. Through counsel, Ms. Stonestreet notified Mr. Goff that she considered his claim frivolous and in bad faith and would seek sanctions if he did not withdraw the claim. After Mr. Goff filed a memorandum in opposition to her motion to dismiss, Ms. Stonestreet filed a motion for Rule 11

sanctions.

DISCUSSION

I.  THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION

Plaintiff brought this case in federal court, relying on his claims that the defendants violated TILA as grounds for federal court jurisdiction.  Defendant Paula Stonestreet responded with a motion to dismiss for lack of jurisdiction, arguing that the loans were made for commercial purposes and, therefore, not subject to TILA.  In response, Mr. Goff argued that Ms. Stonestreet's motion to dismiss should be converted to a motion for summary judgment because federal jurisdiction in this case is intertwined with the merits.  Additionally, Mr. Goff argued that the loan was subject to TILA because it was made for personal purposes.  The court agrees that the motion should be converted to a motion for summary judgment and concludes under that standard that TILA does not apply to Mr. Goff's claims; therefore Mr. Goff's claims are dismissed with prejudice for lack of jurisdiction.

**A.  Ms. Stonestreet's Motion Is Converted to a Summary Judgment Motion**

When subject matter jurisdiction is intertwined with the merits of a claim, the court is required to convert the Rule 12(b)(1) motion to a Rule 12(b)(6) motion or a Rule 56 summary judgment motion.  Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  "Subject matter jurisdiction and the merits are considered to be intertwined 'when subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case.'"  Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1324 (10th Cir. 2002)  (quoting Wheeler v. Hurdman, 825 F.2d 257, 259 (10th Cir. 1987)).  In this case, the issue of subject matter

jurisdiction is intertwined with the merits because jurisdiction and the basis for Goff's claim rely on the same statute –the Truth in Lending Act. Therefore, the court will treat Ms. Stonestreet's motion as a motion for summary judgment. This will not affect the procedures used in considering the motion, but instead the effect the ruling will have upon the parties. Wheeler v. Hurdman, 825 F.2d at 259. Unlike a dismissal under 12(b)(1), which "allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of the court[, a] grant of summary judgment resolves the issue on the merits and thus is with prejudice." Id.

**B. The Court Grants Summary Judgment in Favor of Ms. Stonestreet Because Mr. Goff Does Not Have a Valid Claim under TILA**

Summary judgment may be granted when the evidence shows "that there is no genuine issue as to any material fact and that the mov[ing party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Applying this standard, the court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). The central issue to summary judgment in this case is whether the Truth in Lending Act applies to the underlying loan transaction, which Mr. Goff is attacking.

The Truth in Lending Act, codified at 15 U.S.C. § 1601, et seq., applies to consumer credit transactions but not commercial transactions. The Act defines consumer transactions as those made "primarily for personal, family, or household purposes," 15 U.S.C. § 1602(h), and specifically excludes "[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes, . . . ." 15 U.S.C. § 1603(1)." "Cases considering whether a

transaction is primarily consumer or commercial in nature look to the transaction as a whole and the purpose for which credit was extended." Gallegos v. Stokes, 593 F.2d 372, 375 (10th Cir. 1979). "[C]redit transactions secured by real or personal property used for . . . commercial rental property fall outside the scope of TILA's coverage." Antanuos v. First Nat. Bank of Ariz., 508 F. Supp.2d 466, 466 (E.D. Va. 2007).

     Based on the evidence and arguments that the parties presented, the court concludes that there is not a genuine issue of fact relating to the applicability of TILA to Goff's claim; therefore, summary judgment is granted. Looking at the underlying credit transaction as a whole, the court finds that the loan transaction was undertaken for commercial purposes. First, like the loans in Antanuos, both loans were secured by a rental property that Goff owned for commercial purposes. Additionally, the proceeds from the loans were used to pay off obligations related to the rental property. Finally, Stonestreet provided a copy of an Affidavit of Commercial Purpose, signed by Mr. Goff, stating that the loan would be used for a business or commercial purpose only. Mr. Goff was unable to provide any competent evidence that the proceeds were used for personal, family, or household purposes in order to establish an issue of fact. Therefore, the court concludes that the loan was for commercial purposes and not subject to TILA. Accordingly, the court grants summary judgment against Mr. Goff on all TILA claims in this case; without the federal question presented by the TILA claims, this court has no jurisdiction over this action. Without federal jurisdiction, the court declines to exercise supplemental jurisdiction over Goff's state-law claims.

II. THE COURT SANCTIONS MR. CULAS PURSUANT TO FED. R. CIV. P. 11

Also before the court is defendant Stonestreet's motion for sanctions pursuant to Federal Rule Civil Procedure 11, which asserts that Mr. Goff's claims were frivolous and asserted for an improper purpose. After hearing oral argument on both the dispositive motion resolved above and the motion for sanctions, the court must agree that the claims brought by Mr. Goff and his counsel were unwarranted by both fact and law. Additionally, the court is troubled by the careless manner in which the plaintiff's counsel litigated this case.

Rule 11 obligates the signer of a pleading, written motion, or other paper to conduct a reasonable inquiry into whether the claims set forth in the document are legally frivolous or factually unsupported. Fed. R. Civ. P. 11(b); Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas, 891 F.2d 1473, 1484-85 (10th Cir. 1989). "Rule 11 mandates sanctions against attorneys and/or their clients when pleadings, motions, or other signed papers in the district court are not grounded in fact, are not warranted by existing law or good faith argument for its extension, or are filed for an improper purpose." Monument Builders of Greater Kansas City, Inc., 891 F.2d at 1484. "In deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument." Dodd Ins. Servs., Inc. v. Royal Ins. Co. of America, 935 F.2d 1152, 1155 (10th Cir. 1991). In this case, plaintiff's counsel failed to conduct a reasonable inquiry into the claims asserted by his client and as a result filed written motions and supporting memoranda not grounded in fact and not warranted by law.

The lack of facts supporting the arguments made by plaintiff's counsel was indicative of

the lack of research plaintiff's counsel conducted in this case. The plaintiff's central, and only federal, claim was that the defendants in this case violated TILA. As discussed above, TILA applies only to consumer loans. It does not apply to loan transactions entered for a commercial purpose. Also discussed above, all the evidence presented in this case indicated that the transaction at issue was a commercial transaction. This was evident based on the core loan documents signed at the closing of the loan. This was also evident by the very use of the loan proceeds and the property securing the loan. At minimum, a reasonable and competent attorney would collect all documentation of a loan before challenging its legality. More specifically, a reasonable and competent attorney reviewing the loan documentation available in this case, which included a statement of commercial purpose, could not conclude that the loan was a consumer loan without relying on additional evidence that in some way contradicted the plain language of these loan documents; accordingly, a reasonable and competent attorney would conclude that a TILA violation claim was not supported by the facts or warranted by law. Therefore, the court concludes that by filing a complaint alleging TILA violations in this court, Mr. Goff's counsel violated Rule 11(b).

When defendant Stonestreet pointed out the complaint's lack of factual and legal support, Mr. Goff's counsel responded with a Memorandum in Opposition that put forth several theories, none of which were supported by law or fact. In fact, counsel's argument as to the consumer-nature of the loan did not cite a single case or affidavit in support of his legal or factual assertions. The assertions included the following: the plaintiff was an individual not a business entity, the property provided as security for the loan is a triplex, the proceeds of the loan were

used to retire plaintiff's personal liabilities on debts related to the triplex, and one of the units (the smallest) was the plaintiff's residence when he took out the loan. The first three facts are legally insignificant to the proper classification of a TILA claim. The last fact was unsupported and overwhelmingly controverted by the loan documentation presented by Stonestreet. Plaintiff's counsel also asserted that "the standard for residential multi-unit loans is up to four units." This is not a legal standard nor a factor considered by the courts when evaluating the classification of a loan to determine whether it is subject to TILA. Due to the lack of legal and factual support, the court also finds plaintiff's counsel violated Rule 11(b) by submitting his memorandum in opposition to the motion to dismiss.

At the same time defendant Stonestreet served her motion to dismiss, she also served a motion for Rule 11 sanctions. After the safe-harbor period had passed and the motion for sanctions was formally filed in this court, plaintiff's counsel responded by asserting that Stonestreet's motion and supporting affidavits contained an "outrageous version of the facts" and "blatant lie[s]." Specifically, plaintiff's counsel stated that his client never signed the Affidavit of Commercial Purpose and that the loan was a "scheme by Stonestreet to obtain Plaintiff's property . . . ." The opposition memorandum containing these assertions was not accompanied with affidavits or other evidentiary support. The memorandum in opposition was however presented as a verified memorandum and allegedly signed by Mr. Goff.

Asserting that opposing counsel is lying and thereby implicitly asserting that he or she has

fabricated evidence is a grave accusation with serious consequences.[1]  In this case, the Affidavit of Commercial Purpose that plaintiff's counsel asserted his client did not sign was a notarized document, notarized by an employee of the title company that handled the closing of the loan transaction at issue.  When pressed at oral argument as to why he made such an assertion, plaintiff's counsel explained that Mr. Goff had told him that he didn't remember signing the document, and that he had an obligation to put forth the claims of his client.  This is a hollow explanation.  As clearly stated by Rule 11, every attorney has an obligation to perform a reasonable inquiry into the factual contentions and denials of factual contentions to ensure they are supported by some evidence.  This lack of inquiry, which led to the incredulous assertion that Mr. Goff did not sign the notarized document and the subsequent accusation that Ms. Stonestreet's counsel lied about the document, is a clear Rule 11 violation.  Additionally, Mr. Culas's lack of factual basis in the accusations he made against opposing counsel, and other unprofessional conduct, violated the Utah Standards of Professionalism and Civility.

     Objectively reviewing the papers submitted to this court by plaintiff's counsel, the court concludes that plaintiff's counsel violated Rule 11 in bringing Mr. Goff's complaint and in responding to defendant Stonestreet's motion to dismiss and Rule 11 motion because the claims and arguments contained therein were frivolous.  The factual contentions contained in these pleadings and motions were completely lacking evidentiary support and contradictory to the existing evidence.  Additionally, the legal contentions contained in his pleadings and moving

---

[1] Plaintiff's counsel directly asserted this accusation in his own motion for sanctions, which was withdrawn after oral argument on the matter.

papers were not warranted by existing law and did not contain a nonfrivolous argument for extending or reversing the existing law.  Based on the violation, the court concludes that sanctions are warranted. <u>See</u> Fed. R. Civ. P. 11(c).   Mr. Goff's counsel is ordered to pay the attorney fees and costs Ms. Stonestreet incurred in defending this case.

   IT IS SO ORDERED.

   Dated this 30th day of November, 2009.

_____
Dee Benson
U.S. District Court Judge